IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 1:16-CR-00357 |
| | : | |
| v. | : | |
| | : | JUDGE YVETTE KANE |
| EMILY WINAND | : | Electronically Filed |

**SENTENCING MEMORANDUM
ON BEHALF OF EMILY WINAND**

AND NOW, this 24th day of September, 2018, comes the Defendant, Emily Teresa Winand, by and through her counsel, Paul J. Kovatch, Esquire, who respectfully requests this Honorable Court to consider the law, facts, and circumstances discussed herein in considering an appropriate sentence for Emily Winand. Ms. Winand requests that the Court sentence her to a sentence below the advisory guidelines, or, in the alternative, to consider a combination of factors that take this case outside of the heartland, and warrant a lesser sentence than the Advisory guidelines suggests.

I.      PROCEDUREAL HISTORY AND BRIEF STATEMENT OF FACTS

   A.  Procedural History

On December 7, 2016, a three count indictment was returned charging Chad Michael Stoner and Emily Teresa Winand with conspiracy to transmit a threat in interstate commerce, in violation of 18 U.S.C. §§371 and 875(c) (Count 1); transmitting a threat in interstate commerce, in violation of 18 U.S.C. §875(c) (Count 2); and felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count 3).  The defendant was named in Counts 1 and 2.

At the defendant's initial appearance on December 9, 2016, she was released on her own recognizance with pretrial services supervision.  A condition of her release was that she not possess a firearm, destructive device, or other weapon.  On February 23, 2017, the pretrial services officer reported to the Court that on January 10, 2017, Winand asserted that she had a "long gun" registered in her name, but that it was at her friend "Donald's" house.  Winand was instructed to submit verification that the firearm was not at her residence and that she did not have possession of it.  The defendant never provided documentation as directed.  Based upon Winand's assertions and her failure to provide requested documentation, the pretrial services officer deemed her a serious risk of danger to

the community and recommended that her bail be revoked.  At a hearing on February 23, 2017, the defendant was found in violation of her release conditions and detained.

On August 2, 2017, an 11 count superseding Indictment was returned charging Chad Michael Stoner and Emily Teresa Winand with conspiracy to transmit a threat in interstate commerce, in violation of 18 U.S.C. §§371 and 875(c) (Count 1); transmitting a threat in interstate commerce, in violation of 18 U.S.C. §875(c) (Count 2); mailing threatening communications, in violation of 18 U.S.C. §876(c) (Count 3 and 4); felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), (Count 5, 6 and 9); felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. §922(g)(1) and (2) (Count 7); felon in possession of ammunition, in violation of 18 U.S.C. §922(g)(1) (Count 8); and obstruction of justice while on release pursuant to an order of the District Court, in violation of 18 U.S.C. §1512(c)(1) and 3147(1) (Count 10 and 11).  The defendant was named in Counts 1, 2, 7, 10 and 11.

On October 10, 2017, Emily Winand appeared before U.S. Magistrate Judge Martin C. Carlson and pled guilty on the Superseding Indictment to conspiracy to transmit a threat in interstate commerce (Count 1) and obstruction of justice while on release pursuant to an order of the District Court (Count 10).

Pursuant to a written plea agreement, the Government will recommend that the defendant receive a three level reduction in the defendant's offense level for acceptance of responsibility, if warranted.

After sentencing, the Government will move for the dismissal of the indictment and the remaining counts of the superseding indictment.

A Presentence Investigation Report was prepared by U.S. Probation Officer Rebekah L. Billings on February 1, 2018.  Timely objections to the Presentence Investigation were filed on March 22, 2018 and an Addendum to Presentence Report was filed on June 19, 2018.

Sentencing is presently scheduled for September 26, 2018, at 1:30 p.m. before this Honorable Court.  Pursuant to United States v. Booker, 125 S. Ct. 738 (2005), and the factors enumerated in 18 U.S.C. §3553(a), Ms. Winand respectfully requests this Honorable Court grant a variance and to impose a sentence that is no greater than necessary to achieve the goals of sentencing under §3553(a)(2), and below the advisory guideline sentencing range.

**B.     Brief Statement of Facts**

On or about August 3, 2016, Chad Michael Stoner caused a disturbance during a township meeting at the Conewago Township Building in York County, Pennsylvania.  Stoner wished to speak at the meeting and was advised to approach

the microphone if he wanted to speak. Stoner refused to approach the microphone and argued with Township Supervisor Loretta Wilhide, to the point where Wilhide had to gavel the meeting and call 911. Stoner began yelling that it was unconstitutional that he had to speak into a microphone at a public meeting. Ms. Wilhide requested a police response due to Stoner's behavior and her belief that he was armed.

On or about August 4, 2016, Lou Anne Bostic, the Conewago Township Manager, contacted police to report a threat at the Conewago Township Building. Ms. Bostic advised that Chad Stoner entered the building along with Ms. Winand, his girlfriend. Stoner began discussing the incident that occurred the previous night at the Conewago Township meeting for which he was arrested and charged with disorderly conduct. Stoner commented that if Ms. Wilhide "keeps it up" Conewago Township will look like Houston, Texas. Ms. Bostic asked Stoner to clarify his comments and he responded "That's where all the police officers were shot." Stoner and Winand then left the building. Ms. Winand recorded a video of the incident on her cell phone and on August 10, 2016 she posted the video on YouTube.

At some point thereafter, the Federal Bureau of Investigation began investigating Stoner for firearm violations and learned that he possessed an AR-15 type rifle. Stoner and Winand were indicated on December 7, 2016 and charged

with conspiring to transmit interstate threats and transmitting interstate threats. Stoner was also charged with being a felon in possession of a firearm.

After their arrest on December 9, 2016, Ms. Winand was released on pretrial services supervision. She was subsequently interviewed by the FBI. After the interview, Mr. Stoner called Ms. Winand from York County Prison, where they discussed the fact that the FBI questioned her about the AR-15 which had been in possession of one of Stoner's friends for about a year. This individual told investigators that he agreed to hold some guns for Stoner because "a parole officer or somebody" was coming to Stoner's house and he could not have the guns at his residence. Winand and Stoner's mother went to this individual's residence on January 12, 2017 and took possession of the rifle, later identified as a Smith and Wesson M and P 15, serial number 96112. The weapon was placed in their vehicle and sometime thereafter the firearm was provided to another person to conceal for Stoner.

## II.   ARGUMENT

In accordance with Booker, this Honorable Court is directed to undertake a three (3) step process to impose a sentence: "(1) calculate the applicable Guidelines range, (2) formally rule on any departure motions, and (3) exercise its discretion in applying the factors set forth in 18 U.S.C. §3553(a)." United States v.

Grier, 585 F.3d 138 (3d Cir. 2009). The ultimate goal in sentencing is for the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. §3553(a)(2).

**Calculation of Advisory Guideline Range**

The Initial Presentence Report ("PSR") was prepared on January 23, 2018, timely objections were filed and an addendum along with revisions to the PSI was prepared on June 19, 2018.

The Initial Presentence Report ("PSR") determined the Base Offense Level of Count 1: conspiracy to transmit a threat in interstate commerce, to be 20. (PSR January 23, 2018 ¶21)  The PSR determined that three levels should be added pursuant to U.S.S.G. §3A1.2(a)(1)(A) and (C) and (2) because the victim was a government officer or employee, and member of the immediately family or such person, and the offense of conviction was motivated by such status.   (PSR January 23, 2018 ¶23.)  The Initial PSR determined that an additional six levels should be added because U.S.S.G. §3A1.2 (a)(1) and (2) apply, then Chapter Two guidelines are from Chapter Two, Part A, pursuant to U.S.S.G. §3A1.2(b).  This resulted in an Adjusted Offense Level of 29.  (PSR January 23, 2018 ¶27)   Ms. Winand objected to this calculation.

The revised PSR recalculated Ms. Winand's Base Offense Level of Count 1: conspiracy to transmit a threat in interstate commerce, to be 12. (PSR June 19, 2018 ¶21).  A six-level increase was added because the offense involved conduct evidencing an intent to carry out such threats pursuant to U.S.S.G. §2A6.1(b)(1). Because the offense involved more than two threats, a two-level increase was applied pursuant to U.S.S.G. §2A6.1(b)(2)(A).  (PSR June 19, 2018 ¶23)   In addition, the revised PSR determined that six levels should be added because U.S.S.G. §3A1.2 (a)(1) and (2) apply, the Chapter Two Guidelines are from Chapter Two, Part A (Offenses Against the Person), pursuant to U.S.S.G. §3A1.2(b).  This resulted in an Adjusted Offense Level of 26.  (PSR June 19, 2018 ¶28)  Ms. Winand objects to this calculation.

Ms. Winand does not object that her Base Offense Level is 12 as indicated in the revised PSI. (PSR June 19, 2018 ¶29).  Ms. Winand does object to an increase of six levels pursuant to U.S.S.G. §2A6.1(b)(1). Ms. Winand objects to the application of this enhancement based on the absence of specific evidence of conduct that she ever intended to carry out the subject threats.  *See e.g.* United States v. Taylor, 88 F.3d 938, 942 (11th Cir. 1996) and United States v. Green, 25 F.3d 206 (3rd Cir. 1994).  In order for the six-level enhancement to apply, there must be specific evidence cited indicating an intent to carry out a threat.   Here,

based on the nature of the threats and the evidence presented, Ms. Winand avers there is not specific evidence of her intent to carry out a threat. If Your Honor would sustain this objection Ms. Winand's Adjusted Offense Level would be 12.

Ms. Winand does not object to the two level increase pursuant to U.S.S.G. §2A6.1(b)(2)(A) because the offense involved more than two threats.

The revised PSI also includes a six-level adjustment for an Official Victim, pursuant to U.S.S.G. §3A1.2(b). (PSR June 19, 2018 ¶21). Ms. Winand does not believe this enhancement is applicable because Ms. Winand was not motivated by the status of the victim being a government officer or employee. Included in the commentary and application notes of U.S.S.G. §3A1.2; this Guideline applies when specified individuals are victims of the offense. This Guideline does not apply when the only victim is an organization, agency, or the government. Although the Government has identified Lou Anne Bostic, Loretta Wilhide, and the Northern York County Regional Police Departments as victims, the defendant would object and argue the only victim of the instant offense is an organization, agency or the government. Ms. Winand's offensive conduct did not target individuals. Ms. Winand's involvement stems from a property dispute and the posting of videos depicting Mr. Stoner in what she mistakenly believed were legitimate issues with the Conewago Township Authorities. If Your Honor would sustain this objection Ms. Winand's Adjusted Offense Level would be 14.

With regard to Count 10, Ms. Winand does not object to Base Offense Level of 20, the three-level adjustment for the obstruction of justice or the multiple count adjustment resulting in a level 25 . Ms. Winand does object that the Greater of the Adjusted Offense Level is 26 and believes if Your Honor sustains the defendant's objections the Greater of the Adjusted Offense Levels would be 23, resulting in a Combined Adjusted Offense Level of 25.

**Acceptance of Responsibility**

The initial PSI and the revised PSI both determined that Ms. Winand is not entitled to an Adjustment for Acceptance of Responsibility because she violated her bail conditions by possessing a firearm and failing to provide documentation that it was removed from her residence and that she advised her co-defendant of her discussions with the FBI. (PSR January 23, 2018 ¶18 and PSR June 19, 2018 ¶18).

Ms. Winand has clearly demonstrated her acceptance of responsibility.  Ms. Winand's actions following her initial appearance have resulted in a superseding indictment charging her with a violation of 18 U.S.C. §1512(c)(1) and 3147(1); obstructing justice while on release pursuant to an order of the district court.   Ms. Winand has clearly demonstrated her acceptance of responsibility by pleading guilty to this charge on October 10, 2017.  If Your Honor sustains the defendant's

objection and grants a three-level reduction for the Acceptance of Responsibility this would result in a Total Offense Level of 22.

**A non-Guideline sentence is warranted pursuant to factors set forth in 18 U.S.C. §3553(a).**

Section 3553 is comprised of two (2) distinct parts: (1) the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a), and (2) the factors to be considered in fulfilling that mandate. The underlying spirit of the mandate, and certainly the overriding principle of Section 3553(a), requires a district court to impose a sentence "sufficient, but not greater than necessary" to comply with the four (4) purposes of sentence set forth in Section 3553. Specifically, that Section states the four (4) purposes to be:

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and,

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

As this Honorable Court is aware, the United States Sentencing Guidelines are merely "advisory," and sentencing courts are required to consider all of the factors in 18 U.S.C. §3553(a) in imposing sentence.  <u>United States v. Booker</u>, 125 S.Ct. 738, 757 (2005).

In determining whether a sentence is sufficient, the Court is directed to consider the factors set forth in 18 U.S.C. §3553(a) including:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 USCS § 3553(a).

The facts of the instant case, combined with the directives illustrated in 18 U.S.C. §3553(a) provide sufficient rationale in support of this Court's variance from the advisory sentencing guidelines.  Ms. Winand seeks a variance to the

applicable sentencing guidelines based upon the nature and circumstances of the offense, her personal history and characteristics and the need for a lengthy sentence of incarceration.

Emily was born on September 26, 1989 in Hanover, Pennsylvania to Rick and Teresa Winand.  She has a paternal half-sister, Bobbi Jo Winand, and three maternal half-siblings, Elizabeth Gurka of Mechanicsburg, Eric Neiderer, of Hanover, and Donald Teal of Dover. Emily has a close relationship with her parents and siblings other than Donald.   Emily graduated from New Oxford Senior High School in 2008 and from The Art Institute of York in 2009 with an Associate's Degree in website design.

Ms. Winand became involved with her co-defendant, Chad Stoner, in 2011 at 21 years old.  She has never been married and has no children.   Mr. Stoner was the second serious relationship that Ms. Winand had ever been involved in.  Emily's mother, Teresa, described her as "a loving, caring person" that would never harm anyone.  Mrs. Winand and her husband both had concerns about Emily's relationship with Mr. Stoner, noting that he seemed to have anger issues and "always had to be right."  Emily moved in with Mr. Stoner and his parents shortly after meeting him.   Emily and Chad both struggled with alcohol use and in

2011 she was arrested and charged with driving under the influence of alcohol. Emily successfully completed the ARD program in York County and her record was expunged.

Emily has maintained employment and was working as a website developer for WebTek in Akron, Pennsylvania from October 2013 until the time of her arrest in February 2017.  The president of the company remarked, "we loved Emily, she was great and that they are totally devastated with her extra-curricular activities and hope she can land on her feet elsewhere."  Emily currently has the education and experience and motivation to obtain employment and become a productive member of society.

Although, Emily has plead guilty to conspiracy to transmitting a threat in interstate commerce with her co-defendant Mr. Stoner, her involvement and offense conduct is distinguishable from Mr. Stoner.  Emily is not a threat to the public and the time she has already spent incarcerated will act as an adequate deterrence to further criminal activity of the defendant.

Ms. Winand has a criminal history score of 1.  The year and seven months that Emily has been detained in this matter represents the only time Emily has ever been incarcerated.  Like most coming before the Court for sentencing on criminal charges, she has made some regrettable choices and taken actions that have led her

to run afoul of the law. Emily has used her time being incarcerated to reflect on the poor decisions she has made and looks forward to working with people diagnosed with mental health issues when she is released.

### III.   CONCLUSION

In 2009, the United States Supreme Court held that the Sentencing "Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Nelson v. United States, 555 U.S. 350, 129 S. Ct. 890, 172 L. Ed. 2d 719 (2009). In its *Per Curiam* opinion, the Court states:

> our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. In *Rita* [551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007] we said as much, in fairly explicit terms: 'We repeat that the presumption before us is an *appellate* court presumption. . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.'" 551 U.S., at 351, 127 S. Ct. 2456, 168 L. Ed. 2d 203. And in Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), we reiterated that district judges, in considering how the various statutory sentencing factors apply to an individual defendant, 'may not presume that the Guidelines range is reasonable.' Id., at 50, 128 S. Ct. 586, 169 L. Ed. 2d 445.
> Nelson, 555 U.S. at 352.

In the instant case, after considering all the §3553 factors, a sentence below the advisory sentencing guidelines would be sufficient, within this Honorable Court's discretion and will still promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

                                        Respectfully submitted,

Dated: September 24, 2018        */s/ Paul J. Kovatch*
                                        Paul J. Kovatch, Esq.
                                        PA Attorney ID No. 87824
                                        2080 Linglestown Road, Ste. 202
                                        Harrisburg, PA 17110
                                        Telephone (717) 233-1055
                                        FAX (717) 233-1401
                                        E-mail:attorneypkovatch@gmail.com
                                        Attorney for Defendant, Emily Winand